IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARTHUR JACOB CAMPBELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:03-0354 |
| ) | JUDGE HAYNES |
| KEVIN MYERS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Petitioner, Arthur Jacob Campbell, filed this action under 28 U.S.C. § 2254 seeking to set aside the state court order revoking his probation for lack of evidence. The Respondent filed a motion for summary judgment that the Court denied without prejudice to renew and appointed the federal public defender to represent the Petitioner. After a dismissal without prejudice for failure to prosecute, the Court granted Petitioner's motion to reopen and the parties submitted a joint statement of the record and the issues to be decided. (Docket Entry No. 34). Petitioner submitted a memorandum of law. (Docket Entry No. 35).

### A. Findings of Fact

As to the state revocation proceedings, the Tennessee Court of Criminal Appeals made the following factual findings.[1]

> Defendant pled guilty on September 28, 2000, to three counts of selling cocaine over 0.5 grams and was sentenced as a Range II multiple offender to three concurrent 12-year terms to be served on community corrections. On June 28, 2001, a revocation warrant was issued based upon the defendant's positive drug test indicating the presence of opiates, violation of curfew on numerous occasions,

---

[1] State appellate court opinion findings constitute factual findings in an action under 28 U.S.C. § 2254. Sumner v. Mata, 449 U.S. 539, 546-47 (1981).

and failure to make monthly payments toward court costs. After hearing testimony at the revocation hearing on August 31, 2001, the trial court revoked community corrections and resentenced the defendant as a Range II multiple offender to 15 years in the Department of Corrections in each case, with the sentences to run concurrently with each other.

State v. Campbell, 2002 WL 31113482 at *1 (Tenn. Crim. App. September 11, 2002).

As to Petitioner's claim of insufficient evidence to justify the revocation of his community corrections sentence, that court ruled as follows:

> The trial court's findings specifically noted that the defendant's false testimony regarding methadone. In essence, the trial court found the defendant was not credible with regard to his explanation for the positive opiate drug screen as well as his explanation for the curfew violations.
>
> ... The basic issue in this case related to the credibility of the defendant. The trial court did not find the defendant to be credible and rejected his explanation relating to the violations. The trial court was in a much better position to assess credibility than this court. The trial court did not abuse its discretion in revoking community corrections.

Id. at **1, 2.

The state record otherwise reflects that the Petitioner's probation officer testified that Petitioner tested positive for opiates and benzodiazepines while he was on community corrections. (Docket Entry No. 19, Addendum No. 3 thereto, Transcript of Resentencing Hearing at p. 5). Although the Petitioner takes several prescribed medications, none of those medications would include opiates. Id. at p. 18. In addition, the officer testified that the Petitioner was not at his residence, as required by his community sentence, on seven occasions. Id. at p. 8. Petitioner also did not pay his required court costs. Id. Petitioner cites his testimony as to why some of these absences occurred, transcript 30-31 and other witnesses testified as to Petitioner's sleeping habits. Id. at 41-47. The state court did not credit their testimony.

2

## B. Conclusions of Law

For a revocation of probation, the preponderance of the evidence standard applies. United States v. Bujak, 347 F.3d 607, 609 (6th Cir. 2003). Here, the Petitioner's drug tests for opiates and his repeated absences from his assigned community confinement provide ample evidence for the revocation of his probation. The state courts' findings are entitled to a presumption of correctness, 28 U.S.C. § 2254(e)(1), that has not been rebutted by clear and convincing evidence. Id. Accordingly, the petition should be denied and the action should be dismissed.

An appropriate Order is filed herewith.

**ENTERED** the 17th day of December, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge

3